# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2021

Lyle W. Cayce
Clerk

No. 20-61221
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL WAYNE HANZIK, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CR-33-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Michael Wayne Hanzik, Jr., federal prisoner # 18297-043, appeals the denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). Hanzik argues that the district court erred by finding he failed to exhaust his administrative remedies, by failing to consider all of his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-61221

arguments for granting relief, by failing to adequately explain its decision, by failing to properly balance the 18 U.S.C. § 3553(a) factors, and by considering U.S.S.G. § 1B1.13, p.s.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Because Hanzik himself filed the instant motion, the district court's ruling was "bound only by § 3582(c)(1)(A)(i) and . . . the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

In the instant case, we need not address the district court's conclusion that Hanzik failed to exhaust his administrative remedies because it alternatively concluded that Hanzik's motion failed on its merits. The district court considered all of Hanzik's arguments and found that, even if Hanzik had demonstrated an extraordinary and compelling reason to grant his motion, it should be denied based on the sentencing factors of § 3553(a). Thus, the court's ruling provided "specific factual reasons" for its decision and reflected consideration of Hanzik's motion, the record, and the § 3553(a) factors. *See Chambliss*, 948 F.3d at 693. Hanzik's disagreement with the district court's balancing of the § 3553(a) sentencing factors is not sufficient to demonstrate that the district court abused its discretion. *See id.* at 694.

Finally, although the district court briefly discussed the policy statement and commentary found at U.S.S.G. § 1B.13, p.s., there is no indication that the court considered itself bound by § 1B1.13. *Cf. Shkambi*, 993 F.3d at 393.

Accordingly, the district court's order is AFFIRMED.

2